UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GAIL MEYER,

           Plaintiff,

-vs-                                        Case No.  5:05-cv-518-Oc-10GRJ

MARK W. EVERSON, Commissioner of
Internal Revenue

           Defendant.
_____

## O R D E R

On December 30, 2005 the Plaintiff, proceeding *pro se*, filed a "Motion to Compel Agency Action" (Doc. 1), which the Court has interpreted as a Complaint seeking both declaratory and injunctive relief against the Internal Revenue Service.  The United States has filed a Motion to Dismiss (Doc. 3), to which the Plaintiff has filed a timely response (Doc. 4).  Upon consideration of both Parties' arguments and applicable law, the Court determines that the Motion to Dismiss is due to be granted and the Complaint dismissed with prejudice.

### BACKGROUND AND FACTS

The Plaintiff's Complaint is rather difficult to interpret and is bare bones at best. However, to the best of the Court's ability, it appears that the Plaintiff is alleging that the Internal Revenue Service erroneously made tax assessments and/or issued statutory notices of deficiency and/or issued tax liens and levies against the Plaintiff.  Apparently the

Plaintiff did not pay any federal income taxes or file any income tax returns for the tax years 1999 through 2004. On July 12, 2005, however, the Plaintiff "filed 1040 tax returns for the years 1999 through 2004 for the purpose of correcting the erroneous assessments made against plaintiff by the Internal Revenue Service." Complaint, ¶ 3. According to the Plaintiff, who appears to be a resident of Ocala, Florida, the belated filing of her income tax returns[1] "serve as credible evidence to the Secretary that the estimated or presumed or erroneously assessed tax liabilities of plaintiff for all tax years at issue have been satisfied or are legally unenforceable." Complaint, ¶ 6. The Plaintiff now requests that the Court "conclude that the Commissioner has a clear nondiscretionary duty to issue the appropriate certificate(s) of release of lien(s) and levy(s)" and compel the Commissioner to "issue the appropriate certificate(s) of release of lien(s) and levy(s)." Id. ¶ 6 and Conclusion.

## DISCUSSION

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it ask for the proper relief," it is sufficiently plead. Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). As the

---

[1] The tax returns, which are attached to the Plaintiff's complaint, state that the Plaintiff had no taxable income for any of these tax years, other than very small amounts of taxable interest ranging between $81 and $.50.

Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief." See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim," Conley, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

The United States moves to dismiss this Complaint on several grounds. First, the United States contends that the Commissioner of the Internal Revenue Service does not have the capacity to sue or be sued, and therefore the Plaintiff's Complaint should be dismissed for lack of personal jurisdiction. Second, the United States contends that the Plaintiff is essentially requesting a declaration from the Court both that the Plaintiff does not owe any federal income taxes or penalties to the Internal Revenue Service, and that the Commissioner has the authority to lift any assessments, notices, or liens, and that such relief is barred under 28 U.S.C. § 2201. Third, the United States argues that the Plaintiff's

Complaint improperly seeks injunctive relief against the Internal Revenue Service, which is barred by 28 U.S.C. § 7421(a). And lastly, the United States requests dismissal on the basis that the Plaintiff's Complaint is frivolous and does not follow the available and long-established methods for challenging federal income tax assessments. The Court agrees with each of the United States' arguments.

I.    The Commissioner is an Improper Party-Defendant

The Plaintiff admits in her response that she is suing the Internal Revenue Service alone, and her Complaint is styled particularly against the IRS Commissioner. However, an executive department of the United States or one of its agencies cannot be sued in its own name unless the authority to be sued has been expressly conferred by Congress. Blackmar v. Guerre, 342 U.S. 512, 514-15 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued. Deleeuw v. I.R.S., 681 F.Supp. 402, 404 (E.D. Mich. 1987); Henry Vlietstra Plastering & Acoustical Co. v. I.R.S., 401 F. Supp. 829, 832 (W.D. Mich. 1975). Accordingly, the Internal Revenue Service cannot be sued in its own name. In re Blue Water Bay, Inc., Br. No. 88-2261-BK-J, 1989 WL 162791 (Bkrtcy. M.D. Fla. July 7, 1989).[2]

---

[2]The fact that the Plaintiff has sued the Commissioner by name instead of the Internal Revenue Service specifically does not correct this fatal flaw to her Complaint. The Plaintiff claims against the Commissioner seek to compel the Commissioner to take action on behalf of the IRS. Such claims are, in reality, claims against the agency itself. See Ishler v. C.I.R., ___ F. Supp. 2d ___, 2006 WL 2170136, *9 (N.D. Ala. July 5, 2006).

4

The Plaintiff points to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* as proof that the Internal Revenue Service can be sued. According to the Plaintiff, she has suffered a "legal wrong because of agency action," and is therefore entitled to judicial review. While the Plaintiff correctly cites the premise of the Administrative Procedures Act, she misses two important points. First, in order to obtain judicial review under the Act, the agency in question must have engaged in some sort of "agency action." The Act defines "agency action" as including "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551. A careful reading of the Plaintiff's Complaint fails to identify any "agency action" as defined by § 551. Rather, the Plaintiff at times mentions "assessments," "certificates of release of liens" and "levy(s)," however, the Plaintiff never specifies exactly what the Internal Revenue Service has or has not done to her, such that the Court cannot even begin to determine whether the IRS has, in fact, taken any agency action, or the scope of such action.

More importantly, however, the Plaintiff's reference to § 702 of the Administrative Procedures Act fails because that section expressly states that the right to judicial review does not affect any other limitations on judicial power and does not confer a court with the authority to grant relief "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The relief sought by the Plaintiff, which can be interpreted as either a request for declaratory relief, a request for injunctive relief, or both, is expressly prohibited by both the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421. Accordingly, the Administrative Procedures

Act does not apply to the Plaintiff's case, and she cannot sue the Internal Revenue Service in its own name. See Whelpley v. Knox, 176 F.Supp. 936, 938 (D.Minn. 1959).

II.     The Declaratory Judgment Act

The Plaintiff states in her Complaint that she wants the Court to "conclude that the Commissioner has a clear nondiscretionary duty to issue the appropriate certificate(s) of release of lien(s) and levy(s) pursuant to 26 U.S.C. § § 6325(a)(1) and 6343(a) & (b)." Clearly, this is a request for a declaration from the Court of the Commissioner's authority to release the Plaintiff from any current and/or future tax liabilities, and can also be interpreted as a request for a declaration from the Court that the Plaintiff has no further tax obligations to the Internal Revenue Service. Such requests are barred by the federal tax exemption to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Act specifically exempts federal tax questions from the jurisdiction of the district courts to render declaratory judgments. See 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . .");[3] see also Lewis v. Sandler, 498 F.2d 395, 399 (4th Cir. 1974); Ishler, 2006 WL 2170136, *13-14.

---

[3]26 U.S.C. § 7428 relates to declaratory judgment actions concerning the tax exempt status of an organization under section 501(c)(3). This section clearly does not apply here.

The Plaintiff seeks to avoid application of the Declaratory Judgment Act by arguing in her opposition that she is not suing the United States and that she is not seeking any declaratory relief. However, this argument, aside from conflicting with the express language of her Complaint, merely serves as further support for dismissal. Accordingly, even if the Plaintiff could sue the Internal Revenue Service directly, to the extent she seeks any form of declaratory relief, her claim must fail.

### III.    Injunctive Relief is Also Inappropriate

The Plaintiff has styled her Complaint as a "Motion to Compel Agency Action," in other words, she also requests the Court order the Commissioner to take certain actions, namely relieving the Plaintiff from whatever assessments, notices, liens or levies the IRS has placed on her. This is obviously a request for equitable relief in the form of an injunction forcing the IRS to remove all of the Plaintiff's current and future tax liabilities.[4] It is not, as Plaintiff argues, a request for a writ of mandamus or a simple motion to compel.[5] Her claim is therefore barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

---

[4]Contrary to the Plaintiff's belief, an injunction is precisely the relief she is seeking. As defined by Black's Law Dictionary, an injunction is "a court order commanding or preventing an action." Black's Law Dictionary (8th ed. 2004). It can order an affirmative act, or mandate a specified course of conduct. Id. In this case, the Plaintiff is requesting that the Court command the Commissioner to take the affirmative act of removing allegedly erroneous assessments, notices, or liens. In contrast, a writ of mandamus is defined as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." Id. The Plaintiff is not asking the Commissioner of the Internal Revenue Service to perform either mandatory or purely ministerial duties. Rather, the Plaintiff is seeking to have the Court intervene in the midst of tax assessment and collection proceedings.

[5]The Plaintiff's reliance on Vishnevsky v. United States, 581 F.2d 1249 (7th Cir. 1978) is
(continued...)

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).[6] The purpose of this Act is to permit the United States to assess and collect taxes allegedly due without judicial intervention, and to require that the legal right to disputed sums be determined in a suit for refund in the Tax Courts before reaching any other federal court. Enochs v. Williams Packing & Nav. Co., 370 U.S. 1 (1962); see also Linn v. Chivatero, 714 F.2d. 1278 (5th Cir. 1983); Zion Coptic Church, Inc. v. United States, 489 F.Supp. 35 (S.D. Fla. 1980).

The acts the Plaintiff seeks relief from are allegedly erroneous tax assessments, statutory notices of deficiency, liens, and/or levies. These are all collection activities,[7] and

---

[5](...continued)
to no avail. In that case, taxpayers filed a suit for mandamus relief, contending that they were entitled to a ruling requiring tax officials credit them with an admitted overpayment of taxes. In finding that mandamus relief was appropriate, the Seventh Circuit Court of Appeals limited its ruling to "the unique circumstances of this case." In the present case, the Plaintiff has not alleged a clear right to demand performance, and there are no allegations as to the substance or form of the actions the Plaintiff seeks relief from. Indeed, the Court is not even clear whether the IRS has issued any assessments, statutory notices of deficiency, liens, or levies. There are also no allegations that the Plaintiff has fully exhausted her remedies with the IRS before seeking relief in this Court.

[6]The Anti-Injunction Act lists several exceptions which would allow injunctive relief. None of these exceptions would apply to this case. See 26 U.S.C. § 7421(a).

[7]See 26 U.S.C. §§ 6321 and 6331, which define federal tax liens and levies as collection activities.

8

therefore cannot be restrained under § 7421(a). Accordingly, to the extent the Plaintiff's Complaint seeks injunctive relief, it must be dismissed.

## IV.    The Plaintiff's Complaint is Frivolous

The final argument by the United States is that the Plaintiff's Complaint is frivolous and premature. Specifically, the Plaintiff's Complaint is devoid of any allegations that she has availed herself of any of the remedies set forth in the Internal Revenue Code, such as filing a petition in the Tax Court for review of any assessments, or otherwise challenged any statutory notices of deficiency, liens, or levies. See 26 U.S.C. § 6213 (providing process for petitioning Tax Court for review of assessments). Nor has the Plaintiff chosen to pay the assessed taxes and file a claim for refund, which if denied, could be reviewed in this Court. See 26 U.S.C. § 7422(a) (providing that no lawsuit seeking a refund based on an illegal assessment can be brought, without first filing a claim for refund with the Internal Revenue Service). Instead of seeking relief under either or both of these well-established processes, the Plaintiff has chosen to file her Complaint, seeking relief that is barred under the legal theories described in this Order. Thus, it would appear that the Plaintiff's Complaint is premature, frivolous, and cannot exist in this Court. See, e.g., Perkins v. United States, 314 F. Supp.2d 664 (E.D. Tex. 2004) (federal district court did not have subject matter jurisdiction over lawsuit brought by *pro se* taxpayers to set asked determination by IRS that they owed additional income taxes and penalties, since they did not appeal in Tax Court, and did not pay the disputed amounts and file an administrative

claim for refund prior to filing suit).  The Plaintiff should pursue her claims under the proper procedures provided in the Internal Revenue Code.

## CONCLUSION

Because the relief the Plaintiff seeks is barred by both the Declaratory Judgment Act and the Anti-Injunction Act, and because the Plaintiff must first pursue relief under the remedies afforded by the Internal Revenue Code, the Court finds that the Plaintiff cannot state a claim for relief under any viable legal theory.  The Court further finds that permitting the Plaintiff any opportunity to amend her Complaint would be fruitless.  Accordingly, it is hereby ORDERED and ADJUDGED that the United States of America's Motion to Dismiss (Doc. 3) is GRANTED, and the Plaintiff's Complaint is DISMISSED.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 7th day of September, 2006.

*/s/ Wm. Terrell Hodges*

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record